POTER'S INC., PETITIONER FOR REVIEW
*vs.*
GEORGE K. VIRGIN, RESPONDENT.

York.   Opinion, February 1, 1943.

*George S. Willard,*

*Gertrude Potter Morin,* for the petitioner.

*Daniel E. Crowley,*

*Titcomb & Siddall,* for the respondent.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.   The present respondent was the plaintiff in an action against the petitioner in which the respondent re-

covered a verdict for $1613 for personal injuries caused as alleged by the petitioner's negligence. Judgment was entered at the May Term, 1942. On July 10, 1942, a petition for review was filed. August 11, 1942, the petition was granted. The case is now before us on exceptions by the respondent.

The petition is brought under the provisions of Rev. Stat. 1930, Ch. 103, Sec. 1, Par. II, which read as follows:

"Any justice of the superior court may grant one review in civil actions, including petitions for partition, and for certiorari, and proceedings for the location of lands reserved for public uses, when judgment has been rendered in any judicial tribunal in said county, if petition therefor is presented within three years after the rendition of judgment, and in the special cases following:

"II. When the petitioner shows that a witness testified falsely to material facts against him in the trial of the action, whereby he was surprised, and was then unable to prove the falsity, but has since discovered evidence, which with that before known, is, in the opinion of the court, sufficient proof that the testimony was false; or if the witness has been convicted of perjury therefor."

The damages allowed were for an injury to the plaintiff's right hand. Elements of damage included a loss of wages and a loss of future earning capacity. There was medical testimony offered by both parties. The jury saw the injured hand. The petition alleges that certain testimony of the plaintiff at the trial relating to a material fact was false and was a surprise to the petitioner who was unable at the trial to prove its falsity, and that since the trial evidence has been discovered which is sufficient proof that the plaintiff's testimony was false. The testimony of the plaintiff at the trial referred to is as follows:

"Question: 'Whether or not you have sought employment in recent days?' Answer: 'Yes.' Question: 'Where?' Answer: 'Saco-Lowell Shop.' Question: 'Whether or not you

could obtain that employment?' Answer: 'Providing my hand had been normal, yes.' "

The testimony which it is claimed shows the falsity of this evidence was given at the hearing on the petition for review by Russell Bennett and so far as is relevant is as follows:

"Q Was he offered employment by you?    A He was.

Q In what capacity?    A More or less supervision.

Q In what department?    A Tin plate.

Q Was an information form of any kind made out for his case?    A There was.

Q Was any day set for him to report to work?

A The day was set for him to report for examination.

Q What was the purpose of that examination?

A To appear before Doctor Dolloff.

Q Was his employment conditioned upon what Doctor Dolloff might say?    A Not entirely.

Q Did you have the authority that day to hire regardless of Doctor Dolloff's findings?

A If he appeared for examination and was examined?

Q Yes?    A Yes, I had the jurisdiction to hire."

"Q Did he report for that physical examination?

A He did not.

Q Did he ever get in touch with you again about his employment?    A He did not.

Q You have never at any time refused him employment because of the injured condition of his hand?

A I have not."

The statute governs here. In order for the petitioner to be entitled to a review it is incumbent on him to establish three things: (1) that the testimony referred to was false as to a material fact; (2) that he was surprised and was at the trial unable to prove its falsity, and (3) that he has since discovered evidence which with that before known is sufficient to prove the falsity. The decision of these questions rests with the jus-

tice of the Superior Court before whom the petition is brought. *Sturtevant* v. *Randall,* 49 Me., 446. If, however, he decides any one of them without proof and there is nothing in the record to justify his decision, there is an abuse of discretion and the question becomes one of law. *Scott, Pet'r for Review* v. *St. Pierre,* 137 Me., 331, 16 A. (2d), 473.

In the present case we shall consider only the first requirement. Was the testimony false as to a material fact? We have great doubt as to the materiality of the testimony. It concerns only the question whether in one specific instance the petitioner was refused employment at a wage not specified. The important elements of damage were covered by the testimony of the doctors, and the jury could have formed their own conclusion from observation of the injury as to the ability of the respondent to work. But what is perhaps more important we are unable to see wherein there is justification for saying that the plaintiff's testimony was false as those words are used in the statute. All that Mr. Bennett says is that he offered the plaintiff employment in a supervisory capacity and this offer seems to have been in part conditioned on the result of a medical examination. The plaintiff may well have formed the opinion that this tentative offer was a refusal of the only kind of work which he felt capable of performing, namely, manual labor, for in referring to his application to the Saco-Lowell shop he says that he could have gotten employment there "providing my hand had been normal." It was the ability to use his hand that was uppermost in his mind. A comparison of the testimony of the plaintiff and of Mr. Bennett convinces us that there is no ground on which to base a finding that the plaintiff's testimony was false.

As the petitioner has not met one of the requirements of the statute, the petition should have been denied. The exception to the ruling of the presiding justice presents to this court under these circumstances an issue of law.

*Exceptions sustained.*